UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEREMIE SWAIDNER,<br><br>Plaintiff,<br><br>v.<br><br>KATATAT and DANNY BALL,<br><br>Defendants. | CAUSE NO. 1:21-CV-27-WCL-SLC |

OPINION AND ORDER

When mail sent to Jeremie Swaidner was returned undeliverable, he was ordered to show cause why this lawsuit should not be dismissed as abandoned. ECF 22. His response demonstrates he had not abandoned this case. ECF 25. Though it was unnecessary for him to title his response a *motion*, because he did and because he has shown cause, the motion will be granted.

Jeremie Swaidner was a prisoner without a lawyer when he filed an amended complaint. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Swaidner alleges he severely injured his right foot on July 22, 2019, before he was taken off work release and incarcerated in the Allen County Jail. On July 29, 2019, he was transported to an appointment with Dr. DeTommaso, an orthopedic surgeon. When he was seen again by the surgeon on August 7, 2019, he alleges Dr. DeTommaso said he needed to be scheduled for surgery within two weeks. However, Swaidner was not scheduled for surgery. He alleges he was not see again by Dr. DeTommaso until September 27, 2019, when he was told it was too late to fix the foot.

Swaidner alleges Dr. Katatat and Nurse Danny Ball were responsible for scheduling his surgery with Dr. DeTommaso. Swaidner was a convicted prisoner when these events occurred. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). A disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson v. Kotter*, 541 F.3d 688, 69798 (7th Cir. 2008).

To establish liability for a denial of constitutionally adequate medical care, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). However, "[i]n the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, No. 19-1727, 2021 WL 3123756, at *5 (7th Cir. July 23, 2021) (quotation marks, citations, parenthesis and brackets omitted.). Deliberate

indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

Here, it is unclear why Swaidner was not scheduled for surgery during the two week window specified by Dr. DeTommaso. Perhaps Dr. Katatat or Nurse Danny Ball intended to harm Swaidner. Perhaps they had a reason why the surgery could or should not be scheduled. Perhaps it was mere negligence which caused him to not be scheduled for surgery. If they had a valid reason or if it was mere negligence, Swaidner will not prevail in this lawsuit. Nevertheless, giving him the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim against these two defendants.

Swaidner also alleges an anonymous Nurse was responsible for scheduling his surgery. However, the anonymous Nurse must be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

Swaidner alleges Sheriff David Gladieux and the Allen County Jail Commander were responsible for transporting him to surgery. However, he was not scheduled for surgery. "If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno*, 414

4

F.3d at 656 (ellipsis omitted) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). Neither Sheriff Gladieux nor the Jail Commander were medical professionals. It was not their job to schedule Swaidner for surgery nor to determine whether (nor when) surgery was appropriate. There is no basis for finding them liable for not transporting him to an appointment that was never scheduled. Therefore, the complaint does not state a claim against either of these two defendants.

Finally, Swaidner sues Quality Correctional Care, LLC, and the Allen County Sheriff Department. Quality Correctional Care is the company contracted to provide medical care at the Allen County Jail. The Allen County Sheriff Department is a municipal entity. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "The critical question under *Monell* . . . is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc). Here, the complaint provides no facts explaining why or how a corporate policy or custom (by either Quality Correctional Care or the Allen County Sheriff Department) caused him to not be scheduled for surgery. There is no supervisory liability under 42 U.S.C. § 1983, and Quality Correctional Care cannot be held liable solely because it employed Dr. Katatat and Nurse Danny Ball. Therefore, the complaint does not state a claim against either of these two defendants.

For these reasons, the court:

5

(1) GRANTS the motion to show cause (ECF 25);

(2) GRANTS Jeremie Swaidner leave to proceed against Dr. Katatat and Nurse Danny Ball in their individual capacities for compensatory and punitive damages for denying him constitutionally adequate medical care by not scheduling him for surgery on his right foot between August 7, 2019, and August 21, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Quality Correctional Care, LLC, Anonymous Nurse, David Gladieux, Allen County Sheriff Department, and Allen County Jail Commander;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Katatat and Nurse Danny Ball at Quality Correctional Care, LLC, with a copy of this order and the amended complaint (ECF 13), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Katatat and Nurse Danny Ball to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 18, 2021.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT